The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this Honorable Court. The first case for argument this morning is 20-1789 Langdon v. McDonough. Mr. Collins-Chase, whenever you're ready. Thank you, Chief Judge Prost. May it please the Court, the plain language of the term thoracolumbar spine in Section 4.71a, as well as the surrounding notes and figures, and the regulatory history in the 2003 amendment, all support Mr. Langdon's interpretation that the thoracolumbar spine must be treated as a unit for rating purposes. All of that is essentially undisputed on appeal. To start with the plain language, there is no real dispute about the meaning of the term thoracolumbar spine itself. Mr. Collins-Chase, excuse me, I'm sorry to interrupt, but we got short of time, so let me ask you maybe one or two questions. Is it correct to say that if neither the lumbar region or the thoracic region were the subject of injuries that had service connection, then would you agree that the table would not apply? I would agree with that, Chief Judge Prost. The service connection element is an upstream element, and you would only proceed to our portion of the thoracolumbar spine. Okay. The other question I had was, it seems to me like the VA, if this were important, they could arguably fix this going forward if we accepted your position. So my question to you is, how do you think they could fix it? Would it be enough to issue a new rule and, you know, you cite the text of when they went out for notice and comment to mention there that this was only going to apply if both of these or whatever rule they want, if the two can't be separated or if only both of them are service connected or whatever? How could they accomplish that? I guess I'll answer your question in kind of two parts, Chief Judge Prost. I think the answer to your question is yes, that VA could certainly do something to amend the rule again if it wanted to fix what it considered to be a problem with it. As to the proper fix, I guess I would say that as a matter of, you know, notice and comment rulemaking, I don't think they would be able to do something that was inconsistent with medical understanding, and so it would have to be consistent with what they view as the medical understanding that the thoracolumbar spine ordinarily moves as a unit. But even within that context, I think there are things that they could have done in amending the rule differently or that they could do going forward. I hesitate to suggest to the VA how to amend its own regulation, but, you know, if, for example, the pre-2003 amendment had separate diagnostic code sections for the thoracic or dorsal spine and for the lumbar spine, I think the VA could have said, you know, you can't get a recovery for both if they're both independently service connected, but if you have, you know, one or the other and we can't tell which, you could recover. They could probably add some sort of explanation to the current rule that would be consistent with medical understanding and would accomplish that purpose. I'm not quite sure how that would be written, but I think it could be fairly simple. Thank you. Sorry to take so long, but I just wanted to know that. Thank you. Please proceed. No, of course, Chief Judge Prost. To start with the plain language of the regulation, there's no real dispute here about what the term thoracolumbar spine means. The Secretary acknowledges that it refers collectively to the thoracic and lumbar spine segments as a single unit, and the Secretary also does not offer any response on the notes and figures in Section 4.71a that are the most relevant context for the regulatory language. Counsel, this is Judge Chen. Just so I want to make sure I'm clear on the language and that I'm understanding it the way you're understanding it. There's no question that Mr. Langdon has an injury to his thoracic spine, correct? That's what he was examined for. But is that the same thing as having an injury to your thoracombular spine? I think that the injury to the thoracic- he has injuries to both the thoracic and lumbar spine. He's been granted service connection for the thoracic portion of the spine. Right. And so what I'm wondering is, is that term thoracic interchangeable with thoracombular for purposes of, you know, understanding how to apply the rating schedule? If I'm understanding your question correctly, Judge Chen, I don't believe it is. The thoracic spine is a segment of two segments of the thoracolumbar spine. So the thoracic spine is a certain collection of vertebrae that are higher up the lumbar. Let me try again. Assume for the moment that the only injury Mr. Langdon ever had was to his thoracic spine and there's no lumbar spine injury. Would that injury to the thoracic spine qualify as an injury to the thoracombular spine for purposes of the diagnostic code? Yes, it would, Judge Chen. Okay. Mr. Collins-Chase, this is Judge Moore. Can you turn to appendix page JA249? What am I looking at? What is this document? Judge Moore, I believe this is a portion of a May 2016 exam report, medical examination report. At the top of that page, it says thoracolumbar common diagnoses. And then it has lumbar, it has degenerative, and it has other. Other is then listed as thoracic strain, thoracic DDD. Wouldn't all of that evidence suggest that a thoracic strain is a subset of thoracolumbar diagnoses, given that it's listed that way in the medical report generated by the VA? I believe so, Your Honor. The examiners, in contrast to the board and the Veterans Court, seem to recognize that you assess the medical evidence, but that at the end of the day, the diagnostic code to assess the proper rating is to measure the thoracolumbar spine as a whole. And so, I think this is consistent with that. He has a thoracolumbar spine conditioned by way of thoracic strain, thoracic degenerative disc disease, et cetera. He also has the lumbar strain, and those are sub-segments of the thoracolumbar spine. So he has a service-connected disability of a portion of his thoracolumbar spine. It's then undisputed that diagnostic code section 5237 is the appropriate diagnostic code to apply in looking to the rating. And so, for example, in the 2009 rating decision, and this is appendix page 408, 407 and 408, the page states that he has a mechanic thoracic spine strain post-traumatic. That's on 407. And then on 408, the result of that is that the evaluation is based on the forward flexion of the thoracolumbar spine as a unit. And there's nothing in the diagnostic code that would allow VA to separate out the thoracic and lumbar spine segments. And so, I guess that's a long way to answer your question, yes, Judge Moore. And I think that the result here is that he would be entitled to a 20 percent rating because he indisputably meets the requirements that are set out in that rating decision, which is forward flexion less than 60 degrees of his thoracolumbar spine as a unit. I guess I'll pause just to make sure that I've answered your question. Yep. Counsel, I've got another question, just so I understand your conception of how this rating system works. Suppose, for example, a veteran suffers from a service-connected thoracic spine injury and then gets rated, say, 10 percent for that. And then years later, the veteran gets stabbed in the back with a knife, right in the thoracic spine area, and it worsens whatever condition, flexibility of that thoracic spine area. Is it your view that that veteran would be able to file a new claim seeking a higher disability rating for now the much worse-off condition to the thoracic spine? To answer your hypothetical, Judge Chen, I'm recognizing that I think there are many things that could potentially, in the veteran's law outside of what we're discussing today, prevent the veteran from obtaining an increase. I think our proposed interpretation, which relates to whether the thoracic and the lumbar segments need to be rated as a unit, would not preclude a rating in that circumstance. Our facts are that it's the lumbar and the thoracic spine, but in your hypothetical, he has two injuries to the thoracic spine. Our interpretation of the plain language would not prevent him from having a rating in that circumstance. The plain language of the regulation doesn't really exclude him under those facts. It just says that you need to, you know, VA eliminated the distinction between thoracic and lumbar spines in the 2003 amendment, and so there's nothing in the language of DC-5237 that would prevent him from obtaining a rating under those circumstances, although... Do you understand why, from my perspective, it sounds like something's not quite right if it's quite clear that a prior service-connected injury, then after service, gets further aggravated by some other intervening event, and then that permits an increased rating for benefits? I do understand your concern, Judge Chen. I think the fact here is that there, unlike other code sections where that same concern may apply, here we have a clear piece of regulatory history in terms of the 2003 amendment eliminating the distinction that VA is drawing in this case. VA has admitted... So I guess what I'm wondering is, is this how all ratings work, all diagnostic codes work, if that a veteran can always come back to seek an increased rating for something because the condition that he got an initial rating for has become much worse off, but had nothing to do with the actual time in service that has something to do with, I don't know, a bad car accident or something else that occurs many years after service? I just don't know the answer. Do you know the answer? I do, Judge Chen, and I've heard the tone to indicate that my opening time... No, please continue. Don't worry about the time. Thank you, Chief Judge Prost. Yeah, I think that, Judge Chen, I think your concern would apply to a variety of code sections, and I think it might be handled differently depending on the code section. I think some explicitly account for that. There are also provisions in the Veterans Law that allow examiners to take account of some of those things in exceptional cases, for example, to say that the veteran's condition would essentially reset the baseline and you would look at it from there. So I think it really does depend on the diagnostic code section. Here we're in what is certainly a rare, I think, but perhaps unique circumstance where we have this information from the 2003 amendment about how VA wanted this particular diagnostic code to be interpreted, and what VA did is it said the thoracolumbar spine ordinarily moves as a unit. We have two separate ratings under diagnostic codes for thoracic and lumbar. We're going to eliminate those. What it did not do was say, well, it's challenging, but not impossible, and so make your best effort, examiner, to distinguish between the two, but if you can't do that, then we'll give the veteran the benefit of the doubt. That's the old approach. That's the pre-2003 approach where the 3.102 would say interpretive doubt, if there's any to resolve in the veteran's favor, and so I think the important thing here is the language that VA chose. VA chose language that unambiguously and without exception eliminated the distinction that VA is drawing here. VA applies this in cases like Johnson v. Wilkie to say that veterans with two service-connected disabilities, one of thoracic and one of the lumbar spine, you only get one rating, and it ought to apply the same interpretation here because there's no textual support for having an exception to the rule, and I know I'm into my rebuttal time, so unless there are further questions, which I'd be happy to answer, I would like to reserve the rest of my time. Well, yeah. We won't take this out of your rebuttal time, but just in response to Judge Chen, it may be informative to look at the lead in language to 38 CFR 4.1 because I think that speaks to the percentage representing the diseases and injuries encountered as a result of military service. So I think that may inform Judge Chen's, the answer to Judge Chen's question, but thank you. Okay. Let's hear from the other side, the government's attorney, Ms. Finnan. Yes, Your Honor. Is it Finnan or Finan? Finnan. Finnan. Okay. Please proceed. Thank you, Your Honor. On behalf of the Secretary, we have argued that the plain language is an, everyone agrees that we start with the plain language. Plain language, though, is understood not in terms of words taken in isolation, that is to say, not looking solely at the word sorocolumbar, but understanding that word as used in context, and the context in this case is that that word, sorocolumbar, is used within the rating schedule, as you see 5237, to rate disabilities that are service-connected. In this instance, a VA examiner was indisputably able to distinguish between the impairments to Mr. Langdon's lumbar spine and the impairments to his thoracic spine, so lower back versus upper back in layman's terms. And having found that only the impairment from the thoracic spine was service-connected, that was the only impairment that was appropriate for rating of the sorocolumbar spine. Mr. Langdon has- This is Judge Moore. Is an injury to the thoracic portion of the spine a sorocolumbar injury? It is an injury to the sorocolumbar region, yes. Okay, so if you have an injury to your thoracic portion, you therefore have a sorocolumbar injury to your spine, correct? No, you have a thoracic injury, and that thoracic injury is part of your sorocolumbar spine, and in the same way, one might have an injury to a pinkie, and the pinkie is part of a hand. Okay, on the appendix page that I directed opposing counsel to, page 249, the VA treats a thoracic sprain under the header of sorocolumbar diagnoses, is that correct? Yes. Okay, so a thoracic strain or a thoracic degenerative disease is a form of sorocolumbar diagnoses, correct? It is a diagnosis to that part of the body. Well, under the header, sorocolumbar diagnoses, it is one of the listings, right? Yes. Okay, so- Maybe it's an exercise in semantics. I'm making the distinction that I'm making because the VA examiner went on to, at page 249 and other related pages, to distinguish, having looked at the sorocolumbar region, as your Honor points out, the VA examiner went on to look at how that sorocolumbar region was impaired or if it was impaired, and determined that looking at the sorocolumbar region as a unit, the lumbar portion of Mr. Langdon's back was impaired, but impaired due to degenerative disc disease that was less likely than not service-connected. Is it correct, counsel, that the pre-2003 version of the rating schedule separated out the thoracic and the lumbar parts, and so this case would have come out exactly the way the government is advocating now if that pre-2003 version were in effect. Is that right? It's hard to say definitively, but yes, I believe so. Okay, well, it's fair to say it separated them into the two separate regions, correct? Yes, correct. And the new rating schedule doesn't separate them into two separate ratings. Is that also correct? It's the devil's in the detail. I would say that the new rating schedule, you see 5237 referring to thoracolumbar, now permits post the 2003 change a joint rating. Well, you say permits a joint rating. What about 4.71 makes it seem optional? Is there a separate section that indicates or alternatively instead of treating the thoracolumbar spine as a single unit, we can alternatively treat it just like we used to in 2003 as the separate lumbar and thoracic regions? Is there something that I'm missing that makes it that this is the general rule, but then you can also alternatively do these exceptions? Yes, so 5237 permits a joint rating when it is clinically not possible to separate. This is Judge Prost. Isn't it fair to characterize the amendment as eliminating separate ratings for thoracic and lumbar spine disabilities and therefore allowing the veteran to receive only a single rating for the thoracolumbar disability? Isn't that exactly what it did and said it was doing? Yes, but in this instance, the factual record demonstrates along the lines of the hypothetical that Mr. Langdon is not suffering a functional impairment from his service-connected injury of the thoracolumbar spine. That is an indisputed factual finding that Mr. Langdon has accepted and never appealed. Going back to your question... Counsel, this is Judge Chen. I'm also very interested in trying to figure out the purpose behind this amendment in 2003. Would it be rational for the VA to conclude for itself? It's really hard to discern the degree and differences and injuries between different portions of the thoracolumbar spine. And so, just as a policy matter, we're going to put that to the side. We're not going to try to do a deep dive investigation and all that. And we're just going to collect up all the various injuries a particular veteran has to that area of the spine, and we're just going to give that a rating. And we're not going to worry about whether there is a mix of non-service-connected injuries in combination with definitely confirmed service-connected injuries. Would that be a rational policy choice? No, because the VA has no statutory authority, let alone regular authority. But I guess part of my hypothetical is that the VA had reached a conclusion that it's really clinically difficult, super difficult, to try to separate out the different impacts on flexion. And so, they're just not going to worry about it and not going to go down that rabbit hole with its medical examiners. And as a policy matter, because they have a railroad to run, they're just going to give a rating to the whole thing as a unit. Wouldn't that be a rational policy choice under the circumstances? If the medical evidence does not support differentiation, then yes. I know you're talking about it on an individual veteran level. I'm talking about it on a much more broad agency-wide level, where the agency is just trying to broadly make a policy choice, and then implements that through what appears to be plain language in this regulation. And so, what I'm trying to figure out is, why wouldn't that be a rational policy choice if the VA has, in fact, reached a conclusion that it's really tricky and difficult to go down the rabbit hole of separating out the impact on flexion of the back due to this, that, and the other injury? It would be, assuming that's hypothetical, be a rational policy choice to, when it is clinically difficult, to allow the evidence to inure to the veteran's favor, right? That would be consistent with the regulatory scheme, but it would not be consistent with VA's statutory authority to compensate only service-connected disabilities. To adopt a policy that was so broadly worded, that even in the face of undisputed medical evidence and unappealable factual findings, that the VA would somehow, nevertheless, disregard evidence in front of it and say, oh, we don't care, we're going to compensate it as a unit. There's no statutory authority for that, right? That's the context that the Secretary's brief stresses in terms of the plain language analysis. 4.71a, DC 5237, is part of a larger rating schedule. That rating schedule is introduced by 38 CFR 4.71a that plainly and unambiguously explains that the rating scheme to follow, including DC 5237, exists to compensate service-connected disabilities. Mr. Langdon's proffered interpretation would have the VA, the board, the veterans court, this court, and run the upstream first-pronged element of service connection, skip it, and run it, and proceed right to a rating where he would receive disability, veterans disability benefits for a condition and an impairment that is indisputably not service-connected. Can you point us, this is Judge Prost, can you point us to anything in the language, either when they proposed the reg, there was a federal register notice, or the language in the amendment itself that suggests, even suggests, that this combination would only apply if it's not possible to separate them? Yes, Your Honor. So the 2003 federal register proposed notice in advance of the final rule talks about VA's motivation for the change being that it is clinically difficult, or it can be clinically difficult to rate the two portions of the back, the thoracic and the lumbar region, separately. And so, in aid of resolving that clinical difficulty, they were providing for a joint rating. But clinically difficult does not mean impossible, and there's nothing in the history of the 2003 amendment, or in the statute, or regulation. So is there anything in the federal register that says when it is clinically difficult to separate them, then we're only going to use the central rating? Is there any language like that? Because I don't see any. The joint, I think it's how one just reads the language. The motivation for the change in 2003 was that, was a recognition that in 2003 it was clinically difficult for examiners to separate impairments of the two regions. But I think the more important question is if there's any indication in any of the legislative history or the plain language that VA intended to create an extra statutory liability to veterans for injuries to the back that are not service-connected. And we would submit that to get there, you would have to read so much more into the word thorough lumbar than could possibly be there in the use of a single word. And it would be improper in any event, right? VA has no statutory authority to decide unilaterally that it would pay benefits to conditions known to be not service-connected. So counsel, if I can't possibly read the rating schedule the way you want me to, because it basically causes me to rewrite it and disregard the plain language, what do you suggest I do? Do you suggest I strike it down as improper, exceeding the scope of the VA's authority to have regulated? What would be the outcome under those circumstances? If I believe the VA has gone off the reservation and absolutely adopted a rule that exceeds its statutory authority to do, because that's what you're telling us. You're telling us if we give this provision its plain meaning, then we are allowing the VA to exceed the statutory grant from Congress over how it can award benefits. So if you're correct about that, and you're not correct about the twisted, contorted, and gnarled statutory interpretation that you're proposing, so if I can't go with you on the gnarled interpretation you propose, but nonetheless may be open to your argument that reading this as written exceeds the statutory authority, what do I do? Do I strike it as beyond the scope of Congress's delegated authority? And what happens if I do that? And what happens in this individual case? No, you still have to answer. That didn't save you. You weren't saved by the bell. Yes, Your Honor. We believe that our interpretation is supported by the plain language. Counsel, counsel, counsel, my hypothetical made it clear that I do not agree, but moreover, assume for purposes of the hypothetical that you're wrong. So if you're wrong, and your interpretation is not even vaguely plausible, what do I do? Then you would reverse the decision of the Veterans Court and remand it to the Veterans Court consideration under a statement of the law that the panel is comfortable with. Wait, why would I remand? There is no question. No one has disputed the degree of flexion impairment in this case. If my interpretation of thoracolumbar spine includes the circumstances of the thoracic injury in this case, I don't understand why there would be a need to remand and why I wouldn't just reverse outright. There are no other issues, right? Outstanding. Counsel? Yes, Your Honor. I'm trying to address your concern. If the panel believes that the Veterans Court erred in interpreting thoracolumbar, then the secretary would welcome the panel's articulation of the proper interpretation, and I think that's the parties would abide by whatever it is that the panel should find. Okay, thank you. Okay. Let's hear from some rebuttal time from Mr. Collins Chase. Thank you. Your Honor, the secretary has identified no textual support for the Veterans Court's interpretation during the argument today as- Can I get you to focus on remedy for me? You know, I had some confusion here with the government at the end. If we agree that the plain language of the rating schedule is, as you've advocated, what do we do? What is the result? Do we have to remand? Is it a straight-up reversal? It seems to me there are no facts in dispute. I think that's correct, Judge Moore. It's a reverse. There is no dispute that if the VA is required to treat the thoracolumbar spine of the unit for rating purposes, Mr. Langdon has satisfied the rating criteria for a 20% rating based on the impairment of his forward flexion being less than 60 degrees. So it would be a reverse, and I think you're correct. There are no factual issues in dispute in this appeal that would require a resolution by the Veterans Court or the VA on remand. And what would-do you have any insight on what I would do if I agreed with the government that this rating schedule that they adopted permitted award of benefits for non-service connected injury, and that that therefore exceeded the scope of what Congress allowed them to do? Would I-I mean, she stopped short of telling me that I should strike the rating. Schedule or that portion of it as improper or inconsistent with Congress's delegated authority. The government certainly didn't argue that. I mean, what would be the result? What if-what if they actually adopted a rating schedule that said, the heck with service connection, you get X, Y, and Z? You know, what-that would be inconsistent with the statute as a whole. What would we do? I think that that could be inconsistent with the statute as a whole, and I guess I'll just note for the record that that's not the situation here. We have a situation where there's-the amendment in 2003 makes clear that the way VA is intending to implement a policy decision, essentially, is to say you have to have a service connected injury to a portion of your thoracolumbar spine, but once you do, the medical evidence suggests that it moves as a whole, and therefore it's not something that we're going to get into to try to parse out the respective impairments of the thoracic and lumbar segment. So, you know, I think the court wouldn't have to reach that dire of an issue in terms of having it be exceeding the authority. I think it's simply a matter of the plain meaning does not provide the exception that the VA is seeking. Because your view is the VA has the right to make a decision like this because there is spinal injury, which there is in a case like this. So there has to be a service connected injury, and then it's okay for the VA to say when things move as a unit, and it's really, really, really hard to figure out exactly what the inflection impairment is attributed to, which portion of that part of the spine, that it's okay to treat it as a whole. And you're saying that that really isn't inconsistent with Congress's overall requirement that we're only going to award benefits for service connected injuries, that that's an okay policy choice for the VA to make as a whole. That's correct, Judge Moore. VA made the 2003 Amendment fully aware of Section 4.1, which is the only real argument that the government, the Secretary has raised here is the context. VA was certainly aware of that context. And what it did was it made a policy decision, which has several advantages to say we're no longer going to distinguish between these segments because the medical evidence suggests the spine moves as a whole. The government has put a lot of emphasis on the statement in the Federal Register that it's clinically difficult, but I think what the actual amendment language did is the most important thing. The VA didn't say, well, it's clinically difficult, so try your best, still try to separate them. It said it's clinically difficult, and therefore we are, and this is a quote from the same portion of the Federal Register the Secretary's counsel cited, we are, quote, excluding a thoracic or dorsal segment of the spine. And that went on to explain that it was based on medical evidence that they moved together. And so here VA's policy choice is when we have a service-connected injury of any portion of the thoracolumbar spine, based on medical evidence, we're not going to parse out whether it's thoracic or lumbar. We're just going to say what is the limitation of flexion of the thoracolumbar spine as a whole. And that's a choice that the VA is certainly entitled to make consistent with the statute and the regulations and does not exceed its authority to do so. And I believe I may be past my time. I'll just note that the Secretary concedes that the 2003 amendment has that effect and eliminates the distinction, but then argues in the same breath for what is essentially a pre-2003 application in which VA separates it out. And one of the questions was about, you know, wouldn't this come out differently under 2003? I think the approach they're using is the exact approach that you would use in 2003. And the Secretary had referred to the fact that it would permit a single rating for the spine where the evidence differed. That already happened. That was exactly like the Mittleider case. And that was the pre-2003 amendment. And I think that the Court should give the 2003 amendment effect, particularly where the reasoning for it was clear in terms of its outline in the VA's policy choice. Unless the Court has any further questions, we would ask the Court to reverse. And allow Mr. Langdon the rating to which he's entitled based on the limitation of his forward flexion of his brachial lumbar spine as a unit. Thank you. We thank both sides, and the case is submitted.